[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CT Page 7361
FACTS
This is a vexatious litigation action brought by plaintiffs Leo J. Golub, Audrey Golub, New London Inn Associates and New London Lodgings Associates against defendants Raymond M. Holmes, III ("Holmes"), Suisman, Shapiro, Wool, Brennan Gray, P.C. ("Suisman Shapiro"), Joel Suisman ("Suisman"), Andrew Brand ("Brand") and Matthew E. Auger ("Auger"). The plaintiffs seek monetary damages, double damages, treble damages and any other applicable legal or equitable relief.
In their amended complaint the plaintiffs allege the following facts. On or about July 29, 1987, Holmes prosecuted a civil action ("action") against, among others, the plaintiffs. See Holmes v. Golub, Docket No. CV-87-504931S. The action was commenced and was prosecuted without probable cause in violation of Connecticut General Statutes § 52-568 (a)(1) and terminated in favor of the plaintiffs. As a result the plaintiffs suffered monetary damages.
The third and fourth counts of the plaintiffs' amended complaint contain allegations against Suisman Shapiro, Suisman, Brand and Auger ("defendants"). The plaintiffs allege in the third count that the defendants' representation of Holmes in the action was in violation of Section 52-568 (a)(1). In the fourth count the plaintiffs allege that the defendants prosecuted the action with "malicious intent unjustly to vex and trouble the plaintiffs" in violation of General Statutes § 52-568 (a)(2).
The defendants have filed a motion for summary judgment as to counts three and four of the plaintiffs' amended complaint on the basis that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law because vexatious litigation will not be imposed where the prior suit terminated due to a settlement agreement or where probable cause existed to bring the prior suit.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as CT Page 7362 to any material fact and that the moving party is entitled to judgment as a matter of law."
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 781 (1991). The party seeking summary judgment must show the nonexistence of any material fact. Id. It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 247 (1992).
General Statutes § 52-568 sets forth the requirements for instituting a vexatious litigation action as follows:
 Any person who commences and prosecutes any civil action or complaint against another, in his own name, or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages.[1]
An attorney may be sued in an action for vexatious litigation.Mozzochi v. Beck, 204 Conn. 490, 495, 497 (1987).
For purposes of a vexatious-suit action, the legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.DeLaurentis v. New Haven, 220 Conn. 225, 256 (1991). The defendant "lacks probable cause in the underlying action" if he "lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." Id. The existence of probable cause is a complete defense to a vexatious-suit action. Zabelle v. Coratolo, 816 F. Sup. 115, 119
(D. Conn. 1993).
 Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to CT Page 7363 be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law.
DeLaurentis v. New Haven, supra, 252-53.
The defendants argue that because there was probable cause for the action, the plaintiffs' present action should be summarily dismissed. In opposition to the defendants' motion, the plaintiffs argue that the opinion of the court in the action supports their argument that the defendants instigated the action without probable cause.
A memorandum of decision was filed in connection with the action, which was based upon fraud and conversion. The court, Mihalakos, J., held that "[n]othing in the testimony presented by any of the parties indicates that any of the ingredients necessary to prevail in a fraud claim are present." The court further held that a claim for conversion in connection with the alleged wrongful extinguishment of a partnership interest "cannot be maintained."
The defendants argue that the court's decision in the action supports their contention that the action was commenced upon probable cause. The plaintiffs submit affidavits from Leo J. Golub and Audrey Golub in which both parties attest that the underlying action had no factual basis.
There has been no evidence presented as to whether the court in the action found that the action was instituted without a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. Therefore, because the defendants have failed to demonstrate that they instituted the action with probable cause, the defendants have failed to establish the nonexistence of this material fact.
The defendants in the present case appealed the decision of the action on the issue of whether there exists a cause of action for conversion of a partnership interest. Thereafter, by a general release, dated January 13, 1992, Holmes received $12,500.00 from plaintiff Leo J. Golub and others in consideration for a release and discharge from "all cause and causes of actions" between the parties. The general release was "especially in connection with two certain Connecticut CT Page 7364 limited partnerships, NEW LONDON INN ASSOCIATES and NEW LONDON LODGINGS ASSOCIATES, and [Holmes'] employment with STENGOL CORPORATION." Subsequently, the defendants in the present action withdrew their appeal in the action.
The defendants argue that because the parties settled the action, the plaintiffs did not obtain a favorable termination of the action. The plaintiffs argue that a voluntary withdrawal of an action is sufficient to establish the favorable-termination element of a vexatious-suit claim. "When a lawsuit ends in a negotiated settlement or compromise, it does not terminate in the plaintiff's favor and therefore will not support a subsequent suit for vexatious litigation." Blake v. Levy, 191 Conn. 257, 264
(1983). "This conclusion recognizes that the law favors settlements. . ." Id.
An affidavit of plaintiff Leo J. Golub contains a statement claiming that the only reason he settled the appeal of the action "was to prevent further costs and expenses related to [the underlying] litigation. . ." Therefore, there is a factual issue in connection with whether the underlying action terminated in a negotiated settlement or compromise.
Furthermore, an affidavit of plaintiff Audrey Golub contains a statement claiming that she "was not a party to, nor did [she] participate in any settlement with Holmes." Therefore, the action may not have terminated in a negotiated settlement or compromise as to plaintiff Audrey Golub.
Because there exist genuine issues of fact as to whether all of the essential elements of a vexatious-suit claim are present, the defendants' motion for summary judgment as to counts three and four of the plaintiffs' amended complaint is denied.
Hendel, J.